SAM KALUA *v.* D. G. CAMARINOS.

APPEAL ON POINTS OF LAW FROM DISTRICT COURT OF HONOLULU.

SUBMITTED OCTOBER 5, 1898.     DECIDED OCTOBER 21, 1898.

JUDD, C.J., WHITING, J., AND ARTHUR A. WILDER, ESQ., OF
THE BAR, IN PLACE OF FREAR, J., ABSENT.

An administrator carrying on the business of his intestate is per-
sonally liable to a third person injured through the negligence
of his servant employed in the business while acting within the
scope of his employment. An administrator as such cannot com-
mit a trespass.

OPINION OF THE COURT BY JUDD, C.J.

The plaintiff claimed damages $150 for the negligent driv-
ing by defendant's servant, Kondo by name, of a horse and
wagon against the plaintiff and his bicycle, thereby wounding
the plaintiff and breaking his said bicycle. At the time of the
damage aforesaid the defendant was carrying on the business
of the estate of P. G. Camarinos, deceased, as the administrator
thereof, and the said Kondo as the servant of the defendant
was then employed by the defendant to drive the said horse
and wagon and was so driving the same in connection with the
said business and for the purpose of assisting the defendant
as his servant in carrying on the same. Upon the trial of the
cause in the District Court it was found that defendant at the
time of the collision between the plaintiff and Konda, was carry-
ing on the business—a fruit store—of the estate of P. G.
Camarinos, deceased, as administrator thereof, and that Kondo

was in the employment of defendant as administrator in carrying on the said business and held that the defendant was not liable in his individual capacity and for that reason gave judgment for him.

The question raised by the appeal is whether under the facts the defendant is personally liable. The defendant claims that he is not liable because the driver Kondo was not defendant's personal servant, but a servant of the defendant in his representative capacity. The defendant's counsel in their brief assert that defendant was not carrying on the business as a trader, but merely to preserve its good will, until such time as it could be sold, under the direction and by the authority of the probate court. We do not find this position supported by the pleadings or the proofs adduced below. This is a complete answer to the contention of defendant's counsel that an administrator is only responsible for damages or injuries caused either directly by himself or indirectly by his negligence. Defendant was not winding up his intestate's estate. Kondo was employed by the defendant and the alleged trespass was committed by Kondo while driving the wagon in the scope of his employment in the fruit store business. Defendant was his master. According to well settled law not disputed by defendant the master is responsible to third persons for injuries through the negligence of his servant while acting within the scope of his employment. This is so because every master is bound to employ servants that are both skillful and careful. So far as third persons are concerned Kondo was the servant of defendant.

In *Plimpton v. Richards et al., executors,* 57 Me. 115, the defendants were sued as executors of one Gardner and attachment was made of the goods and estate of the testator. The case was for damages caused by the defendant's raising a dam in a stream whereby plaintiff's mill was flowed. The dam and the land on which it was situated had, under the will, become vested in the executors and others. The court held that "the action was practically against the estate of Gardner, for if the defendants are rightfully sued as executors, the estate must be

responsible. It was not against them for any wrongful acts of their testator. It is for their own wrong doings. But their wrong doings were not official as executors. It was no part of their duty to commit trespass upon the rights of others. If they did they would be liable as individuals. It would be monstrous to hold that judgment and execution should issue against the estate of their testator for torts which they could have no authority by virtue of their executorship to commit. If an executor commits a trespass, it is his individual and personal act, not his representative act as the executor of his testator. He is to settle the estate, not destroy it." An adminisrator as such cannot commit a tort. In this case the law casts upon the defendant the same responsibility to third parties for the acts of his servants as is cast upon all masters or employers of servants. Whether the master employs them in the business of his decedent or his own business it makes no difference. The administrator's degree of responsibility to the ultimate beneficiaries through the probate court in winding up the estate, his care and disposition of the assets of the decedent rest upon other principles of law which are not necessary to be discussed here, for questions as to an administrator's liability to those interested in the performance of his fiduciary duties over the assets are not involved here.

The appeal is sustained and the judgment appealed from reversed. The case should be proceeded with against defendant as an individual upon its merits.

*J. T. De Bolt* for plaintiff.

*P. Neumann* and *John S. Willard* for defendant.